UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RMS TITANIC, INC., <br><br>             Plaintiff, <br><br> —*against*— <br><br> MOBILE GROCERS OF AMERICA, LLC, <br> STRONGBOW HOLDINGS, LLC, <br> MAUREEN DALY, <br> "JOHN DOES" #1-5, <br> "JANE DOES" #1-5, AND <br> ABC, CORP., <br><br>             Defendants. | 22 Civ. 5685 |

**NOTICE OF REMOVAL**

  Defendant Strongbow Holdings, LLC ("Strongbow") hereby removes the above-captioned action pending in the Supreme Court, New York County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1446, and as grounds for removal state as follows.

  1.  The state court complaint is the only document filed on the state court docket, and it is attached hereto as Exhibit A.

  2.  This Court has original jurisdiction over the state court action for purposes of 28 U.S.C. § 1441 because the amount in controversy is greater than $75,000 and the matter is between citizens of different States. Plaintiff is a Florida corporation with its principal place of business in Georgia. Strongbow is a citizen of New York because its sole member is a trust which, for diversity purposes, is considered a citizen of New York. Both the trustee and beneficiaries of the trust are New York citizens. The amount in controversy is greater than

$75,000 because it concerns the ownership of four items of personal property whose value far exceeds $75,000.

3. Setting aside the "placeholder" defendants (*i.e.*, the "Doe" and "ABC" defendants"), the citizenship of the other defendants—Maureen Daley and Mobile Grocers of America, LLC—may be disregarded for diversity purposes because they have been fraudulently joined. There is no possibility of recovery as against those defendants. This case concerns the ownership of certain items recovered from the wreckage of the R.M.S. Titanic, and the Plaintiff's own complaint concedes that the items were transferred to Strongbow.

4. The rule preventing home state defendants from removing after service, 28 U.S.C. § 1441(b)(2), is not applicable, because Strongbow has yet to be served. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).

5. The "unanimity" requirement for removal is satisfied because, so far as the Strongbow is aware, no other defendants "have been properly joined and served" to date. 28 U.S.C. § 1446(b)(2)(A). No service on any other defendants is indicated on the state court docket. In any case, the remaining defendants have a statutory right to "consent to the removal" after the filing of this Notice, even if they "did not previously initiate or consent to" removal. *Id.* § 1446(b)(2)(C).

6. This removal is timely. The 30-day removal period under 28 U.S.C. § 1446(b)(1) has yet to begin because Strongbow has yet to be served.

7. Venue is proper in this Court and division because the United States District Court for the Southern District of New York (Manhattan Division) is the "district and division within which [the state] action is pending." *Id.* § 1446(a).

- 3 -

Dated: New York, New York
      July 5, 2022

**STEPTOE & JOHNSON LLP**

By:   */s/ Charles Michael*
     Charles Michael
     1114 Avenue of the Americas
     New York, New York 10036
     (212) 506-3900
     cmichael@steptoe.com

*Counsel for Strongbow Holdings, LLC*